IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 21-02971 (MCF)

JUAN E. VEGA CRUZ                               CHAPTER 11
dba AUTHORITY COLLISION

    Debtor

## OPINION & ORDER

The Debtor's chapter 11 subchapter V plan was confirmed; but the discharge order was not entered because the court ordered the Debtor to present a brief regarding the cancellation of junior liens. Docket No. 63. The Debtor complied with filing the brief (Docket No. 91) and after careful review of it, the court orders that the discharge, the order of cancellation of junior liens and the writ of cancellation of junior liens be entered.

The Small Business Reorganization Act ("SBRA") was signed into law on August 23, 2019, and went into effect on February 19, 2020. SBRA amended the Bankruptcy Code to include a new type of chapter 11 bankruptcy, called subchapter V. The purpose of this amendment was "to streamline the process by which small business debtors reorganize and rehabilitate their financial affairs." Paul W. Bonapfel, A Guide to the Small Business Reorganization Act of 2019, 2 (2021)(citing H.R. Rep. No. 116-171, at 1 (2019)).[1] A debtor that elects to be treated under this type of chapter 11 will appear before the court at a status conference no later than sixty days and will have to file a plan on or before ninety days. 11 U.S.C. §§ 1188-1189. The debtor is the only party that may file a plan, and there is no disclosure statement requirement unless the court orders otherwise. 11 U.S.C. § 1181(b). The statute does not require that confirmation be held in a certain amount of time and United States trustee fees are inapplicable. Small Business Reorganization Act, Pub. L. No. 116-54, § 4(b)(3), 133 Stat. 1087 (codified as amended at 28 U.S.C. § 1930(a)(6)(A)(2019)).

---

[1] A copy may be accessed at: https://www.alsb.uscourts.gov/sites/alsb/files/bonapfel-sbra-guide--batb-2021.pdf.

While the debtor remains in possession of assets and control of the business, subchapter V requires the appointment of a trustee by the United States trustee. 11 U.S.C. § 1183. This appointed trustee is responsible primarily for appearing at the status conference and facilitating the development of a consensual plan of reorganization. Id. The trustee's services end upon substantial consummation of the confirmed plan when the confirmation was consensual. Id. The debtor is responsible notifying substantial consummation no later than 14 days after it occurs.[2] Id. However, if the plan is not consensually confirmed, the trustee remains in the case to receive the debtor's plan payments and to make payments to the creditors as instructed by the plan. 11 U.S.C. § 1194. "Subchapter V does not specify when the trustee's service is terminated under a cramdown plan." A Guide to the Small Business Reorganization Act of 2019, at 73.

Subchapter V provides for a consensual confirmation under section 1191(a) or a cramdown confirmation under section 1191(b) of the Bankruptcy Code. 11 U.S.C. § 1191. The most notable effect of plan confirmation for an individual debtor under section 1191(a) is that discharge is entered upon confirmation, because section 1141(d)(5) is inapplicable under this form of chapter 11 bankruptcy. 11 U.S.C. § 1181. Under regular chapter 11 or regular small business chapter 11, discharge is entered in favor of the individual debtor after completion of all plan payments under the plan. 11 U.S.C. § 1141(d)(5).

The Debtor agrees that under the other types of chapter 11 bankruptcy cases, an individual debtor receives the discharge after the completion of the plan payments. Docket No. 91 at 2. Because section 1141(d)(5) is dispensed in subchapter V cases, the Debtor argues that the discharge operates as it would in any chapter 11 case when the plan is consensually confirmed under section 1191(a). Id. at 3 (citing 8 Collier on Bankruptcy ¶ 1192.02 (16th 2022)). Consequently, all the pre-petition debts are discharged on the confirmation date. Id. (citing In re Abri Health Servs., LLC, No. 21-30700 (SGJ), 2021 Bankr. LEXIS 2946, at *23 (Bankr. N.D. Tex. Oct. 26, 2021)).

---

[2] This court uses the filing of the application for final decree as the notice of substantial consummation.

The Debtor also briefed the court with respect to the liens that encumber the commercial property he owns at the Minillas Ward in Bayamon, Puerto Rico. This property is encumbered by Banco Popular's senior mortgage lien in the amount of $183,024.26 and two junior liens held by the U.S. Small Business Administration ("SBA") in the amount of $88,009.96 and the Internal Revenue Service ("IRS") in the amount of $9,038.37. Id. at 5. The three liens are recorded in the property registry. Id. The Debtor pointed out that his confirmed plan detailed that the current value of his commercial property is $148,000.00 and that Banco Popular's secured claim was reduced to the appraised value of $148,000.00. Id. Under the confirmed plan, any remaining portion of Banco Popular's claim would be treated as unsecured, along with the two junior liens because they are wholly unsecured. Id. The Debtor contends that under section 506(a) of the Bankruptcy Code, "a secured claim in bankruptcy is only secured to the extent of the value of the collateral. Id. (citing In re Gilpin, 479 B.R. 905 (M.D. Fla. 2011)). The Debtor points out that "'an allowed secured claim cannot exceed the value of the collateral.'" Id. at 6 (citing Domestic Bank v. Mann (In re Mann), 249 B.R. 831, 833 (B.A.P. 1st Cir. 2000)). According to the Debtor, it follows that in such a scenario, junior liens that are wholly unsecured may be stripped off under section 506(a). Id. (citing In re Scantling, 754 F.3d 1323 (11th Cir. 2014)).

The Debtor argues that while the strip-off of a junior lien is held in abeyance until a discharge is entered in chapter 13 cases, such action is not warranted in subchapter V cases when the plan is consensually confirmed, because the discharge is entered automatically. Id. at 6. The Debtor also indicates that a confirmation order operates as a judgment. Id. at 6-7 (citing 8 Collier on Bankruptcy ¶ 1141.02 (16th 2022)). The Debtor alleges that the plan contained the treatment to the junior secured creditors under the plan and they did not raise any objections. Id. at 7. As such, they are bound by the contents of the plan and the confirmation order. Id.

After reviewing the Debtor's legal memorandum, the court agrees that the discharge order can be entered and that the junior liens may be stripped off. At page two of the Plan, the Debtor informed that the value of the property serving as collateral was $148,000.00 as appraised on November 1, 2021. Docket No. 40 at 2. "Article 2" of the Plan indicates that the Debtor classified

the claims and interests and stated that Banco Popular's secured claim would be treated under Class 1, and that the value of the property had been fixed to $148,000.00 pursuant to the most recent valuation. Id. at 3. Any remaining portion of the claim would be classified as unsecured under Class 5. Id. The SBA's claim was classified under Class 3 and its treatment was to be treated as unsecured under Class 5 because its claim exceeded the collateral value. Id. at 4. The IRS' claim was treated as partially priority and partially generally unsecured as filed. Id. at 4-5. The unsecured creditors were classified under Class 5 and the Plan expressed that "[t]his class also accounts for any unsecured balance due to a secured creditor whose claim exceeds the collateral's value and whose outstanding amount due is reclassified by operation of 11 U.S.C. Section 506 to a general unsecured claim upon the lack of collateral value to sustain an interest over debtor's property sufficient to constitute a secured claim." Id. at 4. No creditors filed an objection to the Plan, and it was consensually confirmed on February 23, 2022. Docket No. 63.

The creditors holding the junior liens over the Bayamon Commercial Property did not object and waived any defenses in their favor. Moreover, the Plan was confirmed and as such, the junior liens of SBA and IRS are deemed wholly unsecured under 11 U.S.C. § 506. Because the discharge in a subchapter V case is entered automatically upon the confirmation of a consensual plan and the requirement of compliance with plan payments prior to entry of discharged is also dispensed, it follows that these wholly unsecured liens can be stripped from the property registry. However, BPPR retains its secured lien in the property registry and will receive secured treatment to the value of the commercial property at $148,000.00. The Debtor's motion requesting entry of the discharge order, order of cancellation of junior liens and writ of cancellation of junior liens is granted (Docket No. 91).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of June, 2022.

_MILDRED CABAN FLORES_
MILDRED CABAN FLORES
United States Bankruptcy Judge

-4-